IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL CROWELL,<br>    *Plaintiff,*<br><br>    vs.<br><br>STATE OF NORTH CAROLINA;<br>ROY COOPER, Governor of North<br>Carolina, *in his official capacity only*;<br>BIPARTISAN STATE BOARD OF<br>ELECTIONS AND ETHICS<br>ENFORCEMENT; CHAIR,<br>BIPARTISAN STATE BOARD OF<br>ELECTIONS AND ETHICS<br>ENFORCEMENT, *in official capacity<br>only*; MEMBERS, BIPARTISAN<br>STATE BOARD OF ELECTIONS<br>AND ETHICS ENFORCEMENT, *in<br>their official capacity only*;<br>    *Defendants* | Case No. 1:17-cv-00515 |

## COMPLAINT

This is a declaratory judgment action to have the court declare unconstitutional the North Carolina statutes that (1) allow only voters affiliated with the Democratic and Republican parties to be appointed as members of the Bipartisan State Board of Elections and Ethics Enforcement, and (2) allow only the state chairs of the Democratic and Republican parties to nominate individuals for the state's 100 county boards of election. Plaintiff is an unaffiliated voter who is excluded from

1

serving on those boards in violation of his constitutional rights to equal protection, freedom of speech and freedom of association.

## PARTIES

1. Plaintiff Michael Crowell is an adult citizen and registered, unaffiliated voter in Carrboro in Orange County, North Carolina.

2. Defendant State of North Carolina is a sovereign state of the United States.

3. Defendant Roy Cooper is the governor of North Carolina. Under North Carolina General Statutes § 163A-2(a) he appoints all eight members of the Bipartisan State Board of Elections and Ethics Enforcement ("State Board"). He is sued in his official capacity only.

4. Defendant Bipartisan State Board of Elections and Ethics Enforcement appoints all members of the 100 county boards of election.

5. Defendant Chair, Bipartisan State Board of Elections and Ethics Enforcement, is the chair of the State Board which is responsible for appointing all members of the 100 county boards of election. At present there is no individual appointed to that office and thus pursuant to Federal Rule of Civil Procedure 17(d) the defendant is named by title only. The chair is sued in the person's official capacity only.

6. Defendant members of the State Board are responsible for appointing all members of the 100 county boards of election. At present there are no individuals appointed to those offices and thus pursuant to Federal Rule of

2

Civil Procedure 17(d) these defendants are named by title only. The members of the State Board are sued in their official capacity only.

## JURISDICTION AND VENUE

7. This action arises under 42 United States Code § 1983 based on the denial under color of state law of rights secured by the United States Constitution.

8. This court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matter in controversy arises under the United States Constitution.

9. Venue is proper in this court under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in this district, and each defendant conducts business in the district.

10. This court has authority to enter a declaratory judgment and to provide injunctive relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

11. This court has personal jurisdiction over individual defendants because each is a citizen of North Carolina.

## FACTS

12. The State Board of Elections was established in 1901 and from that time until the enactment of North Carolina Session Law ("S.L.") 2017-6 consisted by five members to be appointed by the governor from voters affiliated with the Democratic and Republican parties. Members could be nominated only by the

state chairs of those political parties, and neither party was permitted to have more than three members of the board.

13. With the enactment of S.L. 2017-6 the former State Board of Elections has been replaced by the Bipartisan State Board of Elections and Ethics Enforcement and expanded to eight members, with all eight still to be appointed by the governor. Under the new law, four members are to be voters affiliated with the Democratic Party and four are to be voters affiliated with the Republican Party, and as before members may be nominated to the governor only by the state chairs of those political parties. The provisions on appointment of State Board members are codified in G.S. 163A-2.

14. County boards of elections were established in 1901 and from that time until the enactment of S.L. 2017-6 consisted of three members appointed by the State Board of Elections from nominations by the state chairs of the Democratic and Republican parties, with neither party to have more than two members of a board.

15. With the enactment of S.L. 2017-6 county boards of election have been expanded to four members, to be appointed by the new State Board from nominations by the Democratic and Republican parties, with equal numbers from each party. The provisions on appointment of county board members are codified in G.S. 163-30.

16. There has never been an unaffiliated voter on the State Board of Elections.

17. There are currently no unaffiliated voters on any of the 100 county boards of elections, and there are no past unaffiliated county board members in the memory of election officials.
18. The State Board supervises all elections in the state. Its responsibilities include appointment of members of county boards of elections; appointment of the executive director of the State Board; training and supervision of all county boards of election; hearing complaints against county board members and removing members; investigation of election law violations; determination of the form and content of ballots, instruction sheets, pollbooks, and other election documents; approval of voting machines; certification of notices of candidacy; preparation of abstracts of election results; assisting county boards in election-related litigation; hearing and deciding election protests; promulgating administrative rules for the conduct of elections; and declaring the winners of elections and ordering new elections.
19. County boards of elections appoint the county director of elections; appoint all precinct officials, including chief judges, judges and assistants; hear complaints against precinct officials and remove officials; investigate election irregularities and nonperformance of duties by election officials; establish precincts; review and determine the sufficiency of petitions and nomination papers; provide for ballots, voting booths, ballot boxes, voting machines and other equipment and materials used to conduct elections; publish notices of elections; canvass election returns and complete abstracts and report results

5

to the State Board; hear election protests and recommend decisions to the State Board; and otherwise oversee all elections within their county.

20. As of April 15, 2017, there were 2,639,102 voters registered in the state as affiliated with the Democratic Party; 2,047,468 registered as affiliated with the Republican Party; 32,375 registered as affiliated with the Libertarian Party; and 2,018,786 registered as unaffiliated.

21. As of April 15, 2017, there were more unaffiliated voters registered than either Democrats or Republicans in eight of the state's one hundred counties. Those counties were Camden, Currituck, Dare, Henderson, New Hanover, Polk, Transylvania, and Watauga.

22. As of April 15, 2017, there were more unaffiliated voters registered than Republicans in an additional 39 counties. Those counties were: Anson, Bertie, Bladen, Buncombe, Caswell, Chatham, Chowan, Columbus, Cumberland, Durham, Gates, Granville, Greene, Guilford, Halifax, Haywood, Hertford, Hoke, Hyde, Jackson, Jones, Lee, Madison, Mecklenburg, Northampton, Orange, Pasquotank, Perquimans, Person, Pitt, Richmond, Robeson, Scotland, Swain, Tyrrell, Vance, Wake, Warren, and Washington.

23. As of April 15, 2017, there were more unaffiliated voters registered than Democrats in another 22 counties. Those counties were: Alexander, Avery, Brunswick, Cabarrus, Caldwell, Carteret, Catawba, Cherokee, Clay, Davidson, Davie, Iredell, Lincoln, Macon, McDowell, Mitchell, Moore, Onslow, Randolph, Union, Wilkes, and Yadkin.

6

24. As of April 15, 2017, there were 41,917 voters registered as unaffiliated in plaintiff's home county, Orange, and only 16,562 voters registered Republican. In each of the four counties with the highest voter registration — Mecklenburg, Wake, Guilford and Durham — unaffiliated voters outnumbered Republicans, in some instances by huge margins. In Mecklenburg there were over 45,000 more unaffiliated voters than Republicans; in Wake over 57,000 more; and in Durham 66,935 unaffiliated voters compared to only 28,076 Republicans.

25. Plaintiff Crowell has been registered to vote in North Carolina continuously since 1970, and has been licensed to practice law since 1971. He was registered as a Democrat until about 1994 when he changed his registration to unaffiliated and has been so registered since then.

26. Plaintiff Crowell is qualified to serve on a board of elections. When registered as a Democrat he served as a precinct registrar in Orange County. Plaintiff's other election experience includes:

- Writing the 1982, 1984 and 1988 editions of <u>The Precinct Manual</u>, a handbook for election officials distributed by the State Board of Elections to county election board members and precinct officials throughout the state;

- Teaching at training conferences for county board members sponsored by the State Board, and organizing and teaching in conferences for county election directors;

7

- Lecturing on election law to superior court judges, city and county attorneys, county commissioners, city council members, and other local officials;

- Testifying in federal court as an expert witness in North Carolina election law;

- Representing numerous clients — Democrats, Republican, and unaffiliated — in hearings before the State Board of Elections and county boards of election, and representing the board itself;

- Advising and representing numerous county boards of election, boards of county commissioners, city councils, and school boards on election matters;

- Organizing and teaching in programs on voting rights and redistricting;

- Serving on the General Assembly's Election Law Reform Commission in 2000 and 2001;

- Drafting or assisting in drafting various articles of Chapter 163 of the North Carolina General Statutes (the state election law), and rules of the State Board of Elections; and

- Representing clients — Democrats, Republicans, Libertarians, Reform Party, and unaffiliated — in election matters in state superior court, both North Carolina appellate courts, all three federal district courts in North Carolina, and in the federal Fourth and District of Columbia circuit courts of appeal.

8

27. Since he registered as unaffiliated, plaintiff Crowell has been disqualified from serving on the State Board and has been excluded from serving on a county board of elections because he is not registered as a Democrat or Republican.

## FIRST CLAIM

### Denial of Equal Protection
### Fourteenth Amendment, United States Constitution

28. The allegations of paragraphs 1 through 27 are incorporated by reference.

29. Plaintiff sues defendants in their official capacities only and seeks declaratory and injunctive relief, challenging the constitutionality of G.S. 163A-2 and 163-30.

30. The Fourteenth Amendment to the United States Constitution, enforceable through 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

31. General Statutes 163A-2 and 163-30 and related sections discriminate against plaintiff, an unaffiliated voter, by denying him the same opportunity as registered Democrats and Republicans to be a member of the State Board or a county board of elections and participate in the administration of elections in North Carolina.

32. Plaintiff is otherwise qualified to serve on a board of elections and is discriminated against solely because of his political affiliation.

## SECOND CLAIM

### Denial of Free Speech and Freedom of Association
### First Amendment, United States Constitution

33. The allegations of paragraphs 1 through 32 are incorporated by reference.

34. Plaintiff sues defendants in their official capacities only and seeks declaratory and injunctive relief, challenging the constitutionality of G.S. 163A-2 and 163-30.

35. The First Amendment to the United States Constitution, enforceable through 42 U.S.C. § 1983, provides that no state make any law "abridging the freedom of speech," which right includes the right of freedom of association.

36. General Statutes 163A-2 and 163-30 and related sections abridge plaintiff's freedom of speech, and deny his freedom of association, by requiring as a condition of serving on an elections board he affiliate with either the Democratic or Republican party despite his independent political beliefs.

37. Plaintiff is otherwise qualified to serve on a board of elections and is denied the right to do so only because of his refusal to declare an affiliation with the Democratic of Republican party.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this court:

1. Declare unconstitutional and void, in violation of the Fourteenth and First Amendments, the provisions of North Carolina General Statutes §§ 163A-2 and 163-30 and related statutes that restrict appointments to the Bipartisan State

10

Board of Elections and Ethics Enforcement and county boards of elections to voters registered as Democrats or Republicans or that limit appointments to voters recommended by those political parties;

2. Enjoin defendants from enforcing those statutes, and specifically enjoin defendants Cooper and the State Board and its members, respectively, from appointing only Democrats and Republicans to the State Board and the county boards of election;

3. Order defendants Cooper and the State Board and its members, respectively, to consider and appoint unaffiliated voters to the State Board and to the 100 county boards of election in proportion to their percentage of all registered voters in the state;

4. Award plaintiff his costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and other applicable law; and

5. Grant such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED, this 7th day of June 2017.

/s/ Michael Crowell
Michael Crowell
NC State Bar No. 1029
1011 Brace Lane
Chapel Hill, NC 27516
Telephone: 919-812-1073
Email: lawyercrowell@gmail.com

*Attorney representing himself*