IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-CV-00515

| | |
|---|---|
| MICHAEL CROWELL,<br><br>Plaintiff<br><br>v.<br><br>STATE OF NORTH CAROLINA; ROY COOPER, Governor of North Carolina, *in his official capacity only*; BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT; CHAIR, BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT, *in official capacity only*; MEMBERS, BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT, *in their official capacity only*,<br><br>Defendants | RESPONSE TO<br>MOTION TO INTERVENE |

Now comes Defendant the State of North Carolina ("the State"), by and through undersigned counsel, and hereby responds to the Motion to Intervene filed pursuant to Rule 24 of the Federal Rules of Civil Procedure by Philip E. Berger, in his official capacity as President *Pro Tempore* of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives (collectively, the "Proposed Defendant-Intervenors").[1]

---

[1] In light of Defendant Governor Roy Cooper's pending challenge to the constitutionality of 2017 N.C. SESS. LAW 6 (*see Cooper v. Berger et al.*, Wake County 17-

The Proposed Defendant-Intervenors move to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. They assert that they are entitled to both intervention as of right and permissive intervention under Rule 24. The State does not oppose the proposed intervention. However, the State notes that the Attorney General's Office is already representing any interests the Proposed Defendant-Intervenors may have. Thus, under traditional intervention principles, intervention of right would not be warranted.

Traditionally, to establish intervention as of right, the Proposed Defendant-Intervenors must:

> (1) make a timely motion to intervene, (2) have an interest in "the subject of the action," (3) be "so situated that the disposition of the action may . . . impair or impede the applicant's ability to protect that interest," and (4) show that he is not adequately represented by existing parties.

*Fisher-Borne v. Smith*, 14 F. Supp. 3d 699, 702 (M.D.N.C. 2014) (citations omitted).

---

CVS-5084; NC Supreme Court 52-PA-17-2), and without waiver of any other argument or defense, the Governor takes no position on the Motion to Intervene.

Defendants Bipartisan State Board of Elections and Ethics Enforcement ("the State Board") and its members, in their official capacity only, likewise do not take a position as to the Motion to Intervene. The State Board does not yet have members appointed to it. Governor Cooper filed a complaint challenging the constitutionality of this statute, and it is pending before the North Carolina Supreme Court. *See Cooper v. Berger, et al.*, 52 PA 17-2. On July 20, 2017, the Supreme Court issued a special order, directing that the parties "have no duty to take action . . . providing for the establishment, qualification, or organization" of the State Board while the appeal proceeds. Motion Spec. Order, *Cooper v. Berger, et al.*, 52 PA 17-2 (July 20, 2017) at Paragraph 2. By a special order dated September 1, 2017, the Supreme Court returned the case to the panel court and instructed the panel "to enter a new order within 60 days" explaining its prior determination that it lacked jurisdiction and addressing the merits of the case. Order, *Cooper v. Berger, et al.*, 52 PA 17-2 (Sep. 1, 2017) at Paragraph 1. The Supreme Court did not lift the stay ordered on July 20, 2017. Rather, it amended that order to add a fourth paragraph allowing county boards of elections with only two members to meet and conduct business with unanimous assent of the two members. *Id.* at paragraph 3.

Requirements two and four are not present here. While legislators may have an interest in defending the constitutionality of legislation they have passed, that interest by itself would not support an intervention of right. Rather, "legislators have an interest in defending the constitutionality of legislation passed by the legislature *when the executive declines to do so*." *Fisher-Borne v. Smith*, 14 F. Supp. 3d 699, 703 (M.D.N.C. 2014) (emphasis added). "Representation is generally considered adequate if no collusion is shown between the representative and an opposing party, if the representative does not represent an interest adverse to the proposed intervenor and if the representative has been diligent in prosecuting the litigation." *Id.*, quoting *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970, 973 (3d Cir. 1982).

Under North Carolina law, it is the duty of the Attorney General:

> To defend all actions in the appellate division in which the State shall be interested, or a party, and to appear for the State in any other court or tribunal in any cause or matter, civil or criminal, in which the State may be a party or interested.

*Fisher-Borne v. Smith*, 14 F. Supp. 3d 699, 704 (M.D.N.C. 2014), quoting, N.C. GEN. STAT. § 114-2(1).

Here, counsel from the North Carolina Attorney General's Office have appeared for defendants. *See* D.E. 3 & 4. The Attorney General's Office is vigorously defending this action, and has filed an Answer asserting all applicable defenses and various denials. D.E. 5. Proposed Defendant-Intervenors have only pointed to one additional defense they would assert beyond those already asserted by the Attorney General's Office.

3

The Proposed Defendant-Intervenors have not asserted that defendants are colluding with plaintiff, and there is no basis for such an allegation. Rather, they assert that the Governor and the State represent an interest that is adverse to theirs. *See* D.E. 9 at 15-17. In support of their argument, the Proposed Defendant-Intervenors refer to ongoing litigation between Governor Cooper and the Proposed Defendant-Intervenors regarding the statute challenged by plaintiff herein. *See* D.E. 9-1 through 9-7. The Attorney General's Office does not represent the Governor in that litigation, and that litigation raises very different issues from those raised by plaintiff in this action.

In that other litigation, Governor Cooper asserts that the statute violates separation of powers because it creates a board for which he cannot appoint a majority of members that share his policies. *See* D.E. 9 at 3; *see also* D.E. 9-1. Unlike Plaintiff in this matter, the Governor has not challenged the statute's limitation of board members to voters affiliated with the political party with the highest and second highest number of registered affiliates. *See* N.C. GEN. STAT. § 163A-2. Thus, neither the Governor nor the State is asserting an interest in this matter that is adverse to the Proposed Defendant-Intervenors. The Proposed Defendant-Intervenors acknowledge that the Governor has not challenged the statute at issue here on the same grounds as plaintiff in this action, and likewise have conceded that the Attorney General "did not take a position on the constitutionality of the challenged law." D.E. 9 at 16. They simply speculate that as the case moves forward, it is possible that their interests "*may* not be adequately represented." *Id*. (emphasis added.)

Nevertheless, the State does not oppose permissive intervention.

Respectfully submitted, this the 8th day of September, 2017.

                                          JOSH STEIN
                                          Attorney General

                                          /s/ James Bernier, Jr.
                                          James Bernier, Jr.
                                          Special Deputy Attorney General
                                          N.C. State Bar No. 45869
                                          Email: jbernier@ncdoj.gov
                                          N.C. Department of Justice
                                          Post Office Box 629
                                          Raleigh, NC 27602-0629
                                          Telephone: (919)716-6900

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing RESPONSE TO MOTION TO INTERVENE with the clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael Crowell
1011 Brace Lane
Chapel Hill NC  27516
lawyercrowell@gmail.com

*Plaintiff*

Noah H. Huffstetler, III
D. Martin Warf
NELSON MULLINS RILEY & SCARBOROUGH LLP
GlenLake One, Suite 200
4140 Parklake Avenue
Raleigh, NC 27612
noah.huffstetler@nelsonmullins.com
martin.warf@nelsonmullins.com

*Counsel for Proposed Defendant-Intervenors*


This the 8th day of September, 2017.

                                                  /s/ James Bernier, Jr.
                                                  James Bernier, Jr.
                                                  Special Deputy Attorney General