IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL CROWELL,

       Plaintiff,

v.

STATE OF NORTH CAROLINA; ROY
COOPER, Governor of North Carolina, *in
his official capacity only*, BIPARTISAN
STATE BOARD OF ELECTIONS AND
ETHICS ENFORCEMENT; CHAIR,
BIPARTISAN STATE BOARD OF
ELECTIONS AND ETHICS
ENFORCEMENT, *in official capacity
only*; MEMBERS, BIPARTISAN STATE
BOARD OF ELECTIONS AND ETHICS
ENFORCEMENT, *in their official
capacity only*;

       Defendants.

Case No. 1:17-cv-00515

## DEFENDANT ROY COOPER'S AMENDED ANSWER

COMES NOW Defendant Roy Cooper ("Defendant"), by and through his
undersigned counsel and amends his Answer to the Complaint (Doc. 5) as follows:

### FIRST DEFENSE

This Court should abstain from hearing Plaintiff's Complaint until the Supreme
Court of North Carolina has resolved, with finality, the claims raised in *Cooper v. Berger
et al.* (Wake County Case 17-CVS-5084; N.C. Supreme Court 52PA17-2).

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and
should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## THIRD DEFENSE

Plaintiff lacks standing to bring the claims in his Complaint.

## FOURTH DEFENSE

Venue in the Middle District of North Carolina is not proper and therefore this case should be dismissed pursuant to Rule 12(b)(3), Fed. R. Civ. P.

## FIFTH DEFENSE

Defendant answers the specific allegations of the Complaint (Doc. 1) in Civil Action No. 1:17-cv-00515, as follows:

For the reasons detailed in *Cooper v. Berger et al.* (Wake County Case 17-CVS-5084; N.C. Supreme Court 52PA17-2), Governor Cooper contends that 2017 N.C. SESS. LAWS. 6 violates separation of powers as guaranteed by the North Carolina Constitution. Nothing in this Amended Answer shall be deemed to waive that argument.

## "COMPLAINT"

The unnumbered allegations of the Complaint preceding paragraph 1 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

## "THE PARTIES"

1.     Defendant admits that plaintiff is a registered voter in Carrboro located within Orange County, North Carolina, under the name "John Michael Crowell."

2.     Defendant admits that the State of North Carolina is a sovereign state of the United States.

3. Defendant admits that he is the governor of North Carolina and that Plaintiff is suing him in his official capacity only. Except as expressly admitted, denied.

4. Defendant admits that 2017 N.C. SESS. LAWS. 6, § 7(h), purports to charge Defendant Bipartisan State Board of Elections and Ethics Enforcement with appointing all members of the 100 county boards of election. Defendant contends, however, in *Cooper v. Berger et al.* (Wake County Case 17-CVS-5084; N.C. Supreme Court 52PA17-2), that 2017 N.C. SESS. LAWS. 6 is unconstitutional. Defendant further admits that pursuant to the order of the Supreme Court of North Carolina dated 20 July 2017 in *Cooper v. Berger, et al.*, 52PA17-2, the implementation of 2017 N.C. SESS. LAWS. 6 is temporarily enjoined. Except as expressly admitted, denied. Any allegations inconsistent with the claims filed by Governor Cooper in *Cooper v. Berger et al.* are denied.

5. Defendant admits that 2017 N.C. SESS. LAWS. 6 purports to create the position of Defendant Chair, Bipartisan State Board of Elections and Ethics Enforcement, that no individual has been appointed to that office, and that Plaintiff is suing the Chair in the Chair's official capacity only. Defendant further admits that 2017 N.C. SESS. LAWS. 6, § 7(h) purports to charge the members of the State Board, including the Chair, with appointing all members of the 100 county board of elections. Defendant contends, however, in *Cooper v. Berger et al.*, that 2017 N.C. SESS. LAWS. 6 is unconstitutional. Defendant further admits that pursuant to the order of the Supreme Court of North Carolina dated 20 July 2017 in *Cooper v. Berger, et al.*, 52PA17-2, the implementation of 2017 N.C. SESS. LAWS. 6 is temporarily enjoined. Except as expressly admitted, denied. Any

allegations inconsistent with the claims filed by Governor Cooper in *Cooper v. Berger et al.* are denied.

6.      Defendant admits that 2017 N.C. SESS. LAWS. 6, § 7(h), purports to charge Defendant members of the State Board, including the Chair, with appointing all members of the 100 county board of elections, that no individuals have been appointed to those offices, and that Plaintiff is suing the members in their official capacity only. Defendant contends, however, in *Cooper v. Berger et al.*, that 2017 N.C. SESS. LAWS. 6 is unconstitutional. Defendant further admits that pursuant to the order of the Supreme Court of North Carolina dated 20 July 2017 in *Cooper v. Berger, et al.*, 52PA17-2, the implementation of 2017 N.C. SESS. LAWS. 6 is temporarily enjoined. Except as expressly admitted, denied. Any allegations inconsistent with the claims filed by Governor Cooper in *Cooper v. Berger et al.* are denied.

## "JURISDICTION AND VENUE"

7.      Defendant admits that Section 1983 of Title 42 of the United States Code speaks for itself. Except as expressly admitted, denied.

8.      Defendant admits that Sections 1331 and 1343 of Title 28 of the United States Code speak for themselves. Except as expressly admitted, denied.

9.      Defendant admits that Section 1391(b) of Title 28 of the United States Code speaks for itself. Except as expressly admitted, denied.

10.      Defendant admits that Rule 57 of the Federal Rules of Civil Procedure and Sections 2201 and 2202 of Title 42 of the United States Code speak for themselves. Except as expressly admitted, denied.

11.     Defendant denies the allegation(s) of paragraph 11.

## "FACTS"

12.     Defendant admits that the State Board of Elections was established in 1901, that it consists of five members to be appointed by the governor, and that no more than three members of the Board could be affiliated with the same political party.  Defendant also admits that 2017 N.C. SESS. LAWS. 6 speaks for itself.   Defendant further admits that pursuant to the order of the Supreme Court of North Carolina dated 20 July 2017 in *Cooper v. Berger, et al.*, 52PA17-2, the implementation of 2017 N.C. SESS. LAWS. 6 is temporarily enjoined.  Records are insufficient to establish the truth of any remaining allegations of paragraph 12, and they are therefore denied. Except as expressly admitted, denied.  Any allegations inconsistent with the claims filed by Governor Cooper in *Cooper v. Berger et al.* are denied.

13.     Defendant admits that 2017 N.C. SESS. LAWS. 6 speaks for itself.  Defendant further admits that pursuant to the order of the Supreme Court of North Carolina dated 20 July 2017 in *Cooper v. Berger, et al.*, 52PA17-2, the implementation of 2017 N.C. SESS. LAWS. 6 is temporarily enjoined.  Except as expressly admitted, denied.  Any allegations inconsistent with the claims filed by Governor Cooper in *Cooper v. Berger et al.* are denied.

14.     Defendant admits that the county boards of elections were established in 1901, that since then county boards have consisted of three members appointed by the State Board of Elections, and that no more than two members could be affiliated with the same political party.  Defendant also admits that 2017 N.C. SESS. LAWS. 6 speaks for itself. Defendant further admits that pursuant to the order of the Supreme Court of North Carolina

dated 20 July 2017 in *Cooper v. Berger, et al.*, 52PA17-2, the implementation of 2017 N.C. SESS. LAWS. 6 is temporarily enjoined. Records are insufficient to establish the truth of any remaining allegations of paragraph 14, and they are therefore denied. Except as expressly admitted, denied. Any allegations inconsistent with the claims filed by Governor Cooper in *Cooper v. Berger et al.* are denied.

15. Defendant admits that 2017 N.C. SESS. LAWS. 6 speaks for itself. Defendant further admits that pursuant to the order of the Supreme Court of North Carolina dated 20 July 2017 in *Cooper v. Berger, et al.*, 52PA17-2, the implementation of 2017 N.C. SESS. LAWS. 6 is temporarily enjoined. Except as expressly admitted, denied. Any allegations inconsistent with the claims filed by Governor Cooper in *Cooper v. Berger et al.* are denied.

16. Records are insufficient to establish the truth of the allegations of paragraph 16, and they are therefore denied.

17. Defendant admits that there are currently no unaffiliated voters on any of the 100 county boards of elections. Records are insufficient to establish the truth of any remaining allegations of paragraph 17, and they are therefore denied.

18. Defendant admits the allegations of paragraph 18 except that the Executive Director was appointed by the General Assembly pursuant to 2017 N.C. SESS. LAWS. 6, § 17.

19. Defendant admits the allegations of paragraph 19.

20. Defendant admits the allegations of paragraph 20.

21. Defendant admits the allegations of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

23. Defendant admits the allegations of paragraph 23.

24. Defendant admits that as of April 15, 2017, there were 41,917 voters registered as unaffiliated in Orange County, and only 16,562 voters registered Republican, that unaffiliated voters outnumber Republicans in Mecklenburg, Wake, Guilford, and Durham counties, that in Mecklenburg there were over 45,000 more unaffiliated voters than Republicans, in Wake there were over 57,000 more; and in Durham there were 66,935 unaffiliated voters compared to only 28,076 Republican voters. Any remaining allegations of paragraph 24 are denied.

25. Defendant admits the allegations of paragraph 25.

26. Defendant admits, upon information and belief, that Plaintiff has the election experience recited in paragraph 26 of the Complaint. Except as expressly admitted, denied.

27. Defendant denies the allegation(s) of paragraph 27.

## FIRST CLAIM
### Denial of Equal Protection,
### Fourteenth Amendment, United States Constitution

28. Defendant's responses to paragraphs 1-27 are incorporated by reference.

29. Defendant admits that Plaintiff sues Defendants in their official capacities only and seeks declaratory and injunctive relief, challenging the constitutionality of G.S. 163A-2 (as enacted by 2017 N.C. SESS. LAWS. 6) and 163-30 (as amended by 2017 N.C. SESS. LAWS. 6).

30. Defendant admits that the Fourteenth Amendment to the United States Constitution and Section 1983 of Title 42 of the United States Code speak for themselves. Any remaining allegations of paragraph 30 are denied.

31.     Defendant denies the allegation(s) of paragraph 31.

32.     Defendant denies the allegation(s) of paragraph 32.

## SECOND CLAIM
### Denial of Free Speech and Freedom of Association
### First Amendment, United States Constitution

33.     Defendant's responses to paragraphs 1-32 are incorporated by reference.

34.     Defendant admits that Plaintiff sues Defendants in their official capacities only and seeks declaratory and injunctive relief, challenging the constitutionality of G.S. 163A-2 (as enacted by 2017 N.C. SESS. LAWS. 6) and 163-30 (as amended by 2017 N.C. SESS. LAWS. 6).

35.     Defendant admits that the First Amendment to the United States Constitution and Section 1983 of Title 42 of the United States Code speak for themselves.   Any remaining allegations of paragraph 30 are denied.

36.     Defendant denies the allegation(s) of paragraph 36.

37.     Defendant denies the allegation(s) of paragraph 37.

Any allegations not expressly admitted are denied.

WHEREFORE, Defendant Roy Cooper respectfully prays:

1.     That Plaintiff's claims against the Defendants be dismissed with prejudice and that judgment be entered for the Defendants on all claims;

2.     That the Defendants be granted such other relief as the court may deem just and proper.

3.     That all costs of this matter be taxed to Plaintiff.

Respectfully submitted, this the 8th day of December, 2017.

*/s/ Amar Majmundar*
Amar Majmundar
Special Deputy Attorney General
N.C. State Bar No. 24668
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6821
Facsimile: (919) 716-6759
Email: amajmundar@ncdoj.gov

*/s/ Olga E. Vysotskaya de Brito*
Ms. Olga E. Vysotskaya de Brito
Special Deputy Attorney General
N.C. State Bar No. 31846
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-0185
Facsimile: (919) 716-6759
Email: ovysotskaya@ncdoj.gov

*/s/ Brian D. Rabinovitz*
Brian D. Rabinovitz
Special Deputy Attorney General
N.C. State Bar No. 41538
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone:  (919) 716-6863
Facsimile:  (919) 716-6759
Email:  brabinovitz@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing AMENDED ANSWER with the clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael Crowell
1011 Brace Lane
Chapel Hill, NC 27516
Email: lawyercrowell@gmail.com

Noah H. Huffstetler, III
D. Martin Warf
Nelson Mullins Riley & Scarborough LLP
GlenLake One, Suite 200
2120 Parklake Avenue
Raleigh, NC 27612
Email: noah.huffstetler@nelsonmullins.com
Email: martin.warf@nelsonmullins.com

Alexander McC. Peters
Senior Deputy Attorney General
James Bernier, Jr.
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
Email: apeters@ncdoj.gov
Email: jbernier@ncdoj.gov

This the 8th day of December, 2017.

/s/ Brian D. Rabinovitz
Brian D. Rabinovitz
Special Deputy Attorney General