IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL CROWELL, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. 1:17-cv-515-WO-JEP |
| v. | ) |
| | ) |
| ROY COOPER, Governor of North Carolina, *in his official capacity only*; et al. | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF'S REQUEST FOR DISCOVERY CONFERENCE

Pursuant to Rule 16, Federal Rules of Civil Procedure, plaintiff requests that the court schedule a conference to consider opening discovery in this case, and to set the scope of the discovery.

This is an action challenging the exclusion of unaffiliated voters from boards of election. When the action was filed the parties agreed that the material facts were not in dispute and likely could be stipulated, and accordingly the court stayed discovery in September 2017. Since then the law on county election board appointments has changed, however, and plaintiff desires discovery on the process the defendant governor followed in appointing the county board chairs. Even though defendants have a motion to dismiss

1

pending before the court, limited discovery on this issue is appropriate to avoid further delay in final resolution of the case.

In further support of this request plaintiff shows:

1. This is an action challenging the exclusion of unaffiliated voters from the State Board of Elections and the 100 county boards of election.
2. The lawsuit was filed two and a half years ago, in June 2017 (Doc. 1).
3. Defendant governor and intervenor legislative leaders moved to dismiss the lawsuit in October 2017. However, because of separate litigation between the governor and the legislative leaders over the makeup of the State Board, proceedings in this case were stayed in March 2018 without the motion to dismiss having been decided (Doc. 41).
4. Once the separate state litigation was concluded, plaintiff amended his complaint in April 2019 (Doc. 63). Defendants Governor Cooper and State Board of Election members then moved to dismiss the amended complaint (Doc. 66).
5. Although briefing on the defendants' motion to dismiss was completed on July 1, 2019, there has been no recommended decision on the motion.
6. When this lawsuit was first filed, all five State Board members had to be appointed by the governor from recommendations of the Democratic and Republican parties, and all three members of each county board had to

be appointed by the State Board from recommendations of those two political parties.

7. Following the litigation between the governor and legislative leaders, the appointment of the State Board remained the same but county boards were expanded from three to five members. Four county board members are appointed by the State Board from recommendations of the Democratic and Republican parties; the fifth member, who serves as chair, is appointed by the governor and is not restricted to party recommendations.

8. When Governor Cooper appointed the county board chairs under the new law, he appointed only Democrats. As a result, there are no unaffiliated voters on the State Board or on any county board, even though unaffiliated voters account for 32 percent of all registered voters in the state.

9. When this lawsuit was filed the parties anticipated that there would be no disputed material facts and that discovery would not be necessary. That view was reflected in their Rule 26 report submitted in September 2017 (Doc. 18). The court accepted the report and stayed discovery pending further developments (Doc. 21).

10. The only difference in the posture of the case now from the time it was filed is the governor's discretion to appoint the 100 county board

3

chairs without following recommendations of the two major political parties.

11. Plaintiff alleges in the amended complaint that Governor Cooper appointed Democrats to all 100 county board chair positions; that the governor did not consider unaffiliated voters for those appointments; that the governor's office did not include those positions on its website allowing citizens to apply for appointments to boards and commissions; and that the governor consulted only Democratic Party officials concerning the appointments.

12. Plaintiff has consulted with counsel for defendants to determine whether defendants will stipulate to the facts concerning the appointment of county board chairs or will allow informal discovery to resolve any questions as to the facts. Plaintiff has been informed by opposing counsel that it will not be possible to stipulate to the facts concerning the appointment of the county board chairs, and that defendants oppose opening discovery.

13. Discovery is needed as to the appointment of the 100 county election board chairs by the governor.

14. This lawsuit involves important issues of equal protection, free speech, and freedom of association. Plaintiff filed this action in the anticipation that these matters could be resolved before the 2018

4

election, a goal that turned out to be unattainable because of the separate state litigation between the governor and legislative leaders. Now the 2020 election has already begun with the filing of candidates, moving closer to the possibility that another election cycle could pass with over two million unaffiliated voters, a third of the state's voters, still excluded from participating in the administration of elections.

15. If defendants' pending motion to dismiss is denied — whenever that decision may come — plaintiff wishes to be prepared to move quickly to summary judgment, and discovery concerning the appointment of county board chairs is necessary for that purpose.

16. Even if defendants' motion to dismiss is eventually denied, the case will be far from concluded and it will be important for further proceedings to have learned and preserve the facts concerning the county board chair appointments.

17. The limited discovery plaintiff desires will impose no significant burden on defendants.

ACCORDINGLY, plaintiff requests that the court convene a conference with the parties to set a discovery schedule concerning the governor's appointment of county election board chairs. Because the parties already have communicated and determined that they will not be able to stipulate to the facts concerning those appointments, and because defendants oppose opening

5

discovery, there is no point in the parties conferring and attempting to submit a Rule 26 report, nor is there need for the usual 30-day notice for the conference. Rather, the court should order the conference be held as soon as possible so that it may hear from the parties and decide the scope of such discovery.

RESPECTFULLY SUBMITTED, this 20th day of December 2019.

/s/ Michael Crowell
Michael Crowell
NC State Bar No. 1029
1011 Brace Lane
Chapel Hill, NC 27516
919-812-1073
lawyercrowell@gmail.com

*Attorney representing himself*

## CERTIFICATE OF SERVICE

I certify that on December 20, 2019, I electronically filed this Plaintiff's Request for Discovery Conference with the Clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This 20th day of December 2019.

/s/ Michael Crowell
Michael Crowell, Attorney
NC State Bar No. 1029
1011 Brace Lane
Chapel Hill, NC 27516
919-812-1073
lawyercrowell@gmail.com