IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL CROWELL,                )
                                )
            Plaintiff,           )
                                )
    v.                           )    1:17CV515
                                )
ROY COOPER, Governor of North   )
Carolina, et al.,                )
                                )
            Defendants.          )

## ORDER

This matter is before the Court on Defendants' Joint Motion to Dismiss [Doc. #66]. In his Amended Complaint, Plaintiff seeks "to have the court declare unconstitutional North Carolina law that excludes unaffiliated voters from being appointed to the State Board of Elections and the 100 county boards of election." (Am. Compl. [Doc. #63] at 1.) Plaintiff contends that, as an unaffiliated voter, he "is excluded from serving on those boards in violation of his constitutional rights to equal protection, free speech, and freedom of association." (Id. at 1-2.) These claims are asserted against Defendant Roy Cooper, in his official capacity as Governor of North Carolina, and against the members of the State Board of Elections in their official capacities.

After Plaintiff filed his Amended Complaint, Defendants filed their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, seeking to dismiss Plaintiff's Amended Complaint based on lack of standing and failure to state a plausible claim for relief. In their briefing on this Motion, both sides cited and relied upon a decision of the Court of Appeals for the Third Circuit in Adams v. Governor of Delaware,

922 F.3d 166 (3d Cir. 2019). However, shortly after briefing was completed, the Supreme Court considered and ultimately granted a petition for certiorari in that case, Carney v. Adams, 140 S. Ct. 602 (Dec. 6, 2019) (granting cert.), and this Court held the present case in abeyance pending the resolution of that case by the Supreme Court. The Supreme Court recently issued a decision in that case, as reflected in a Suggestion of Subsequently Decided Authority filed by Defendants [Doc. #83]. In that decision, the Supreme Court considered the record following discovery focused on the issue of standing, and concluded that the plaintiff lacked standing to pursue the claims and that the case should be dismissed. Carney v. Adams, 141 S. Ct. 493 (Dec. 10, 2020). In light of that decision, this Court concludes that it would be appropriate to allow limited discovery on the issue of Plaintiff's standing, on a Standard Track for 90 days, closing August 5, 2021. The Parties would then have the opportunity to address and brief the issue of standing in light of the recent decision in Carney v. Adams and in light of a factual record on those issues.[1]

The Court also notes that in the briefing, the Parties address and dispute the applicability of the "Anderson-Burdick" framework,[2] and the applicability of the "Elrod-Branti" exceptions[3] with respect to Plaintiff's claims and Defendant's motion to dismiss those

---

[1] In the Amended Complaint, Plaintiff asserts that he is well-qualified to serve on a board of elections (Am. Compl. ¶ 45), but does not address whether he is "able and ready" to apply for the relevant positions on the state or county boards, or show that he is likely to apply in the reasonably foreseeable future, in order to demonstrate a concrete and imminent injury that is more than just "conjectural or hypothetical" and "more than an abstract and generalized harm to [his] interest in the proper application of the law." Carney v. Adams, __ U.S. __, 141 S. Ct. 493, 498-500 (2020). However, when drafting the Amended Complaint Plaintiff did not have the benefit of the decision in Carney v. Adams, and it appears that these issues would best be resolved on a developed record after limited discovery.

[2] Anderson v. Celebrezze, 460 U.S. 780 (1983) and Burdick v. Takushi, 504 U.S. 428 (1992).

[3] Elrod v. Burns, 427 U.S. 347 (1976) and Branti v. Finkel, 445 U.S. 507 (1980).

2

claims. On initial review, it appears that these issues are addressed most clearly in Defendants' Replies [Doc. #77, #78], but the Court concludes that it would be helpful to allow Plaintiff a further opportunity to respond to that analysis and to allow both Parties to further address these issues in light of subsequent developments in the case law. In addition, the Court notes that if Plaintiff lacks standing, such that this Court does not have Article III jurisdiction, there would be no need to reach these issues, and the Court will not address these issues without first resolving the question of Plaintiff's standing. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101-02 (1998) ("For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.").

Therefore, the Court will terminate the present Motion to Dismiss with leave to refile after the conclusion of the limited discovery on standing. Any renewed Motion to Dismiss or for Summary Judgment should address questions of standing in light of the recent case law and factual record from discovery, and may also address any other issues including those raised in the present Motion to Dismiss, with the benefit of any subsequent case law.

In light of this determination, Plaintiff's Motion for an Initial Pretrial Conference and for a Status Conference will be denied as moot.

IT IS THEREFORE ORDERED that this case is placed on a Standard Track for discovery, limited to the issue of Plaintiff's standing, with a deadline of August 5, 2021 for the close of that discovery. The Parties are directed to meet and confer within 14 days of the date of this Order, to address their plans for this limited discovery.

IT IS FURTHER ORDERED that the present Motion to Dismiss [Doc. #66] is administratively terminated with leave to re-file within thirty (30) days after the close of the limited discovery period, as further set out above.

FINALLY, IT IS ORDERED that Plaintiff's Motions for Discovery Conference or Status Conference [Doc. #79, #81] are DENIED as moot in light of the above determination.

This, the 7th day of May, 2021.

                                                   /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge